IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


UNITED STATES OF AMERICA,  No. 3:94-cr-00147-HZ
(3:18-cv-01741-HZ)

    v.

TERRY RAY LINTOTT,  OPINION & ORDER

    Defendant/Petitioner


Billy J. Williams
United States Attorney
Hannah Horsley
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204

    Attorneys for United States of America

Terry Ray Lintott
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

    Pro se Defendant/Petitioner


OPINION & ORDER - 1

HERNÁNDEZ, District Judge:

Defendant filed a petition for writ of error *coram nobis*, asking the Court to vacate his fully-served sentence in this case. The Court denies the petition.

BACKGROUND

In 1994, Mr. Lintott pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Compl., ECF 1; Judgment, ECF 17. Mr. Lintott's guidelines range fell at 151-188 months. Findings of Fact Order ¶ 1, ECF 18. The court considered Defendant's substantial assistance to authorities and acceptance of responsibility, and sentenced him to ninety-six months imprisonment and three years' supervised release. Findings of Fact Order ¶¶ 3, 4; Judgment at 96-97. The sentence was also based, in part, on a finding that Defendant was a career offender under United States Sentencing Guidelines ("Guidelines") § 4B1.1 and 4B1.2. Findings of Fact Order; Pre-Sentence Report (PSR) ¶¶ 24, 34. To reach this finding, the court concluded that bank robbery was a crime of violence, as were two prior Oregon Burglary I convictions. PSR ¶¶ 24, 34.

In 2002, while on supervised released for the 1994 bank robbery, Defendant was charged with committing a new bank robbery in violation of 18 U.S.C. § 2113(a). Compl., *United States v. Lintott*, 3:02-cr-00074-MO. He pled guilty and was sentenced as a career offender to 151 months imprisonment. PSR at ¶ 45, *United States v. Lintott*, 3:16-cr-00412-MO. The court also revoked his supervised release and imposed a consecutive twenty-four month sentence. Order Revoking Supervised Release and Imposing Sentence, ECF 26. No reimposed term of supervised release was ordered. *Id.*

In 2016, while again on supervised release, Defendant was charged with four new counts of bank robbery in violation of 18 U.S.C. § 2113(a). Information, *United States v. Lintott*, 3:16-cr-00412-MO, ECF 2. He pled guilty and was sentenced as a career offender to 151 months

imprisonment. Transcript of Sentencing at 6, *United States v. Lintott*, 3:16-cr-00412-MO, ECF 44; Judgment, *United States v. Lintott*, 3:16-cr-00412-MO, ECF 41. At the same time, the court revoked his supervised release and imposed a concurrent term of imprisonment. Judgment, *United States v. Lintott*, 3:16-cr-00412-MO, ECF 41.

On May 15, 2018, Defendant moved for the first time to vacate or correct his 1994 sentence in this case pursuant to 28 U.S.C. § 2255. On August 24, 2018, Defendant moved to modify that motion to a § 1651 writ of error *coram nobis*, acknowledging that the § 2255 petition was untimely and that he was no longer in custody on the sentence imposed in the 1994 case.

## STANDARDS

"[T]he writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). The "writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994); *see also United States v. Morgan*, 346 U.S. 502, 511 (1954) (recognizing that common law writ of error coram nobis still exists after enactment of 28 U.S.C. § 2255). The writ allows a court to vacate a judgment for errors of fact, *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987), as well as for "egregious legal errors," *Yasui v. United States*, 772 F.2d 1496, 1499 n.2 (9th Cir. 1985).

To warrant *coram nobis* relief, a defendant must establish that:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character.

*Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Id.*

## DISCUSSION

Mr. Lintott challenges only his sentence, not his conviction. Specifically, he challenges his designation as a "career offender" under the Sentencing Guidelines. This designation was premised on the court's finding that Oregon Burglary I constituted a "crime of violence." Mr. Lintott is correct that following the Supreme Court's decision in *United States v Johnson*, both this district and the Ninth Circuit have concluded that Oregon Burglary I is not a violent felony under the Armed Career Criminal Act of 1984 (ACCA). *United States v. Cisneros*, 826 F.3d 1190 (9th Cir. 2016); *United States v. Mayer*, 162 F.Supp.3d 1080 (D. Or. 2016). However, in this case, Defendant's sentence was not enhanced under the ACCA, but under the Sentencing Guidelines.

"The writ of error *coram nobis* is an extraordinary writ; and 'an extraordinary remedy. . . should not be granted in the ordinary case.'" *United States v. Denedo*, 556 U.S. 904, 917 (2009) (quoting *Nken v. Holder*, 556 U.S. 418 (2009) (Kennedy, J., concurring)). On the facts of the case, and the current state of the law in this circuit, the Court cannot find that Mr. Lintott's designation as a career offender under the Guidelines, and resulting sentence, constitute an error of fundamental character justifying the grant of such an extraordinary writ.

As an initial matter, Mr. Lintott's argument that he received a higher sentence as a "career offender" than he otherwise would have faced is largely speculative. By pleading guilty to one count of bank robbery under 18 U.S.C. § 2113(a), Mr. Lintott faced a maximum statutory sentence of twenty years' imprisonment. With the career offender designation, Mr. Lintott's Guidelines range fell at 151-188 months. The court, however, sentenced him to ninety-six months, taking into consideration factors such as his substantial assistance to authorities and

acceptance of responsibility. Although his guidelines range would have been lower without the career offender designation, there is no certainty that he would have received a lower sentence. In fact, this designation did not alter the statutory maximum of twenty years or impose a new statutory minimum, and Mr. Lintott was sentenced to a term far lower than that maximum would permit.

Moreover, Mr. Lintott's reliance on *Johnson* is misplaced. In *Johnson*, the Supreme Court examined the ACCA, which provided a sentencing enhancement for defendants with three or more previous convictions for a "violent felony." 135 S.Ct. 2551, 2555 (2015). Under the "residual clause," a crime qualified as a violent felony if it "involved conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555-56. The Court held that this residual clause violated the void-for-vagueness doctrine and was therefore unconstitutional. In *Welch v. United States*, the Court held that *Johnson* applied retroactively to cases on collateral review. 136 S.Ct. 1257, 1265 (2016). In other words, the Court concluded that *Johnson* announced a new, substantive rule that could be used by petitioners to challenge sentences imposed under the ACCA that became final before *Johnson* was announced. *Id.* at 1264-65 (applying the *Teague v. Lane*, 489 U.S. 288 (1989) framework).

In *Beckles v. United States*, the Court examined the residual clause of the Guidelines—which defined "crimes of violence" that were then used to increase the Guidelines sentences of "career offenders"—that contained the same language as the residual clause of the ACCA. 137 S.Ct. 886, 891 (2017). Because the Guidelines at issue were only advisory, the Court found that the Guidelines' residual clause was not unconstitutionally vague. *Id.* at 895. The Court did not, however, decide whether the residual clause was unconstitutional under the mandatory Guidelines in place before 2005. *Id.* at 903 n.4 (Sotomayor, J., concurring) (noting that the Court's decision "leaves open the question whether defendants sentenced to terms of

imprisionment before our decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) . . . may mount vagueness attacks on their sentences."). Following this decision, the Ninth Circuit concluded that "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018).

Here, Mr. Lintott was sentenced as a career offender under the mandatory Sentencing Guidelines. Because the Ninth Circuit has held that *Johnson* did not recognize a new right in these circumstances, Mr. Lintott cannot avail himself of the decision on collateral review. *See Teague v. Lane*, 489 U.S. 288 (1989) (holding that absent certain exceptions, a case decided after a petitioner's conviction and sentence become final generally may not be the basis for vacating that conviction). Therefore Mr. Lintott has not demonstrated that the court committed an error of fundamental character in crafting his sentence. Accordingly, Mr. Lintott is not entitled to *coram nobis* relief.

## CONCLUSION

The Court grants Defendant's motion to construe his Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 as a § 1651 writ of error *coram nobis*. However, because the motion and records of the case show that Defendant is not entitled to relief, the Court denies Defendant's petition for writ of error *coram nobis*.

IT IS SO ORDERED.

Dated this 19 day of April, 2019.

MARCO A. HERNANDEZ
United States District Judge